**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| ALICIA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-1010-CV-W-DGK |
| | ) | |
| FOODS FESTIVAL, INC., | ) | |
| TONI (last name unknown), and | ) | |
| LARRY HANES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case arises from Plaintiff pro se Alicia Thomas's allegations that Defendants violated her civil rights when she was shopping at the Foods Festival grocery store on October 7, 2010. Now before the Court is "Defendants' Motion to Dismiss for Insufficient Process Under Fed. R. Civ. P. 12(b)(4) and for Insufficient Service of Process Under Fed. R. Civ. P. 12(b)(5)" (doc. 13).

Defendants' suggestions in support of the motion are as follows:

> On December 29, 2010, the U.S. Marshall Service left three alias summonses with plaintiff's complaint in the above-referenced matter at 4357 Choteau, Kansas City, Missouri 64111. The process was left for Foods Festivals, Inc., Toni (last name unknown) and Larry Hanes. Plaintiff's complaint should be dismissed or, in the alternative, service of process should be quashed as to all three of the named defendants for the following reasons:
>
> 1. There is no entity by the name Foods Festival, Inc. at 4357 Choteau, Kansas City, Missouri 64111.
>
> 2. Further, while Foods Festival, Inc. is listed in the caption of plaintiff's complaint, this entity is not listed under the heading "Parties" on page 2 of plaintiff's complaint.
>
> 3. As previously stated, the U.S. Marshall's Office left an alias summons and complaint for a Toni (last name unknown) and

> defendants are without the ability to identify who plaintiff intended to serve.
>
> 4. An alias summons was left for a Larry Hanes. There is no individual by the name of Larry Hanes located at 4357 Choteau, Kansas City, Missouri 64111. Based on the foregoing, it is clear that plaintiff has failed to comply with Fed. R. Civ. P. 12(b)(4) and 12(b)(5). In Wright & Miller, Federal Practice and Procedure, Civil 3rd, § 1353, the following is stated:
>
>> The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity.
>
> Based on the foregoing, defendants respectfully request that the Court dismiss plaintiff's complaint or, in the alternative, quash service of process under Fed. R. Civ. P. 12(b)(4) and Fed. R. Civ. P. 12(b)(5) and that defendants be awarded their costs, including reasonable attorneys' fees.

The suggestions do not state a standard for granting the motion, do not apply the facts of this case to the applicable standard, and, aside from the Wright & Miller quote, do not cite any applicable case law or other authority. This is not enough to establish that the case should be dismissed.

To challenge the sufficiency of the process or the service of process "[t]he objection must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986). Defendant has not done that here.

Accordingly, Defendant's motion (doc. 13) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: April 15, 2011     /s/ Greg Kays
                         GREG KAYS, JUDGE
                         UNITED STATES DISTRICT COURT