IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALICIA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10-CV-01010-DGK |
| | ) |
| FOODS FESTIVAL, INC., et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS SUMMARY JUDGMENT

This dispute concerns an alleged violation of Plaintiff Alicia Thomas's civil rights under 42 U.S.C. § 1981 by Defendants Foods Festival, Inc., Toni Crutcher, and Larry Heng. Thomas alleges that she was discriminated against while attempting to purchase items at a Foods Festival grocery store on October 7, 2010.

Now before the Court is Defendants' Motion for Summary Judgment (Doc. 61).[1] Finding that there is no evidence that Defendants discriminated against Plaintiff on the basis of her race or interfered with her right to contract, Defendants' motion is GRANTED.

### Factual Background

The uncontroverted material facts of this case are as follows. Plaintiff Alicia Thomas ("Plaintiff") is a black woman.[2] Defendant Foods Festival, Inc. ("Foods Festival")[3] is a grocery store allegedly owned by Defendant Larry Heng ("Heng"), a white male. Defendant Toni

---

[1] In ruling on this motion, the Court has reviewed and considered Plaintiff's second amended complaint (Doc. 36), Defendants' Answer (Doc. 47), Defendants' Suggestions in Support of the Motion for Summary Judgment (Doc. 62), Plaintiff's Suggestions in Opposition (Doc. 65), and Defendants' Reply Suggestions (Doc. 67).
[2] Both parties use the words "black" and "white" rather than "African-American" and "Caucasian," therefore the Court uses this language.
[3] Defendants continue to deny that "Foods Festival, Inc." is a legal entity capable of being sued (Doc. 47, ¶ 3).

Crutcher ("Crutcher"), a white female, was an employee at the store on the day the incident occurred.

On October 7, 2010, Plaintiff was shopping for groceries in the Foods Festival store on as she had many times before. She picked up two "grab bags," paper bags filled with various items which might be damaged or previously opened that are offered at a discount price. The grab bags were stapled shut. Plaintiff opened the sealed grab bags to see what items were inside. After shopping for thirty to forty-five minutes, Plaintiff proceeded to the checkout aisle to purchase her groceries, including the open grab bags. A surveillance camera recorded video footage of Plaintiff approaching the checkout aisle and the events that followed.

As Plaintiff approached the checkout aisle, she was confronted by Crutcher. Crutcher removed the open grab bags from Plaintiff's shopping cart and Plaintiff that she could not purchase them because they had been opened. According to Plaintiff's deposition testimony, Crutcher did not state that Plaintiff was "stealing" but told Plaintiff that there were more items in the bags than had originally been in them.

Plaintiff demanded to speak to a manager, and the manager spoke with her. Dissatisfied with the manager's response, Plaintiff called the police and left the store to speak to an officer. According to Plaintiff's deposition testimony, the store manager came outside to tell Plaintiff she could still purchase the grab bags. Plaintiff refused. Plaintiff was also given the option of purchasing the items that were not in the grab bags, although she declined to do so.

There were both black and white customers in the store while Plaintiff was shopping. Plaintiff did not see any other customer with open grab bags, nor did she see any customers, white or black, who were allowed to purchase an open grab bag. No one affiliated with Foods

2

Festival called the police on Plaintiff, detained Plaintiff, asked Plaintiff to leave the store, or used any racially derogatory language towards Plaintiff.

Plaintiff brought this action pro se under 42 U.S.C. § 1981. Her complaint alleges that Defendants "denied [Plaintiff] the equal right to public accommodation as enjoyed by the white customers" in the Foods Festival store (Doc. 36, ¶ 3). Specifically, Plaintiff alleges that Crutcher "initially targeted and 'profiled' [Plaintiff] because [Plaintiff] is a black female," (Doc. 37, ¶ 18), and that Heng is "liable for his failure to properly train, instruct, supervise and control" Crutcher (Doc. 37, ¶ 24).

## Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment…against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*, at 323. "The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case…" *Id*.

A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).

3

When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

## Discussion

Plaintiff brought this suit under 42 U.S.C. § 1981, which provides that all persons within the jurisdiction of the United States "shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). To establish a prima facie claim of discrimination under § 1981, Plaintiff must show: (1) that she is a member of a protected class; (2) that Defendants intended to discriminate against her on the basis of her race; and (3) that the discrimination interfered with her protected right to make and enforce contracts. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted).

Although Plaintiff is a member of a protected class, she has not established that Defendants intended to discriminate against her on the basis of her race, nor has she established that any discrimination against her interfered with her protected right to make and enforce

4

contracts. Since Plaintiff cannot establish the second and third elements of her case, Defendants are entitled to summary judgment as a matter of law.

**A. There is no evidence that Defendants intended to discriminate against Plaintiff on the basis of her race.**

There is no evidence, direct or circumstantial, that Defendants intentionally discriminated against Plaintiff on the basis of her race, thus Plaintiff cannot establish the second element of her case. Evidence is considered "direct" if it establishes a specific link between the alleged discriminatory animus and the challenged conduct. *Putnam v. Unity Health Sys.*, 348 F.3d. 732, 735 (8th Cir. 2003). Because such direct evidence is rare, intentional discrimination may also be proven by circumstantial evidence. *See Kim v. Nash Finch Co.*, 123 F.3d 1046, 1059 (8th Cir. 1997). Circumstantial evidence of discrimination includes evidence of disparate treatment between similarly situated individuals of different races. *See, e.g., Chappell v. Bilco Co.*, 675 F.3d 1110, 1118 (8th Cir. 2012) (allowing circumstantial "similarly situated" evidence of discrimination § 1981 employment discrimination case); *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 101 (2d Cir. 2001) ("When plaintiffs seek to draw inferences of discrimination by showing that they were 'similarly situated in all material respects' to the individuals to whom they compare themselves, their circumstances need not be identical, but there should be a reasonably close resemblance of facts and circumstances.").

There is no direct evidence that Defendants intentionally discriminated against Plaintiff. Defendants did not accuse Plaintiff of stealing or use any racially derogatory language towards her. Plaintiff was not denied the opportunity to purchase her other grocery items and was eventually offered the chance to purchase the open grab bags. These facts distinguish Plaintiff's case from *Green v. Dillard's*, which she cites in support. In *Green*, the court held that the

5

defendant's use of a racial slur, combined with his refusal to serve the plaintiffs, was direct evidence of discrimination. *Green v. Dillard's, Inc.*, 483 F.3d 533, 540 (8th Cir. 2007).

Similarly, there is no circumstantial evidence that Defendants intentionally discriminated against Plaintiff. Plaintiff was not treated differently from any similarly situated white individuals. It is undisputed that Plaintiff did not see any other customers in the Foods Festival store, white or black, who were allowed to purchase an open grab bag, and Plaintiff has offered no other evidence that white customers were allowed to purchase open grab bags.

Significantly, Plaintiff has offered no evidence of discrimination by Defendants against other African American customers either. Surveillance video footage and Plaintiff's own testimony proves that there were several other black customers in the Foods Festival store on the same day as Plaintiff, and that they were not treated any differently from white customers. In fact, the surveillance video shows a black woman being helped at the customer service desk at the very same time Plaintiff was speaking to Crutcher and the store manager there.

Thus, there is no evidence, direct or circumstantial, that Defendants discriminated against Plaintiff or anyone else. Plaintiff has failed to establish the second essential element of a prima facie case.

**B. There is no evidence that any discrimination by Defendants against Plaintiff interfered with her protected rights to make and enforce contracts.**

To demonstrate unlawful interference with her § 1981 right to make and enforce contracts, the third element of her case, Plaintiff must show that Defendants "thwarted" her attempt to make a contract. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 471 (8th Cir. 2009). "[I]nterference is established where a merchant 'blocks' the creation of a contractual relationship." *Id.*, at 471.

6

Section 1981 does not protect the "mere expectation of being treated without discrimination while shopping." *Id.*, at 473. The Eighth Circuit has explicitly held that racially discriminatory watchfulness or surveillance is not sufficient to establish a claim under § 1981 unless the customer is actually prevented, not merely deterred, from making the purchase. *Id.*

The decision in *Gregory v. Dillard's*, where the Eighth Circuit affirmed a grant of summary judgment to a defendant in analogous circumstances, is instructive. In *Gregory*, a black woman was shopping at the defendant's store and picked up items which she intended to purchase. A store employee followed her throughout the store and when the customer emerged from a changing room, two police officers were there watching her. The customer was offended by what she took to be racially discriminatory surveillance and, after demanding to speak with a manager, decided not to purchase her items. *Id.*, at 481. The Court of Appeals affirmed that the customer's right to contract under Section 1981 had not been thwarted. *Id.*, at 474.

As in *Gregory*, the undisputed facts of this case show that Plaintiff was at worst deterred, not prevented, from entering into a contract with Defendants. Plaintiff admits in her deposition that the store manager offered to let her purchase the open grab bags, and that she declined to do so. If anything, the facts of *Gregory* were more favorable to the customer than those presented by Plaintiff here, since there was at least evidence that the surveillance was racially motivated. Here, as the Court noted above, there is no such evidence.

## Conclusion

Plaintiff has failed to establish that Defendants intentionally discriminated against her on the basis of her race and has also failed to establish that her right to make and enforce contracts under § 1981 was thwarted by Defendants' conduct. Because Plaintiff has failed to establish

7

Case 4:10-cv-01010-DGK   Document 68   Filed 07/03/12   Page 7 of 8

these essential elements of her case, Defendants are entitled to judgment as a matter of law and Defendants' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Date: July 3, 2012 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT